# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GERALD WILTZ** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-4943** |
| **M-I L.L.C., ROWAN COMPANIES, INC. COBALT INTERNATIONAL ENERGY, L.P., AND HALLIBURTON ENERGY SERVICES, INC.** | **SECTION "N" (5)** |

## ORDER AND REASONS

Presently before the Court is Defendant M-I LLC's Rule 12(b)(6) Motion to Dismiss Punitive Damages Claim (Rec. Doc. 15), to which Plaintiff Gerald Wiltz ("Wiltz") has filed a memorandum in opposition (Rec. Doc. 21). Having carefully considered the supporting and opposing submissions, the record, and the applicable law, **IT IS ORDERED** that the motion is **GRANTED** for the reasons stated herein.

### I.   BACKGROUND

The instant matter arises out of Wiltz's personal injuries, which were allegedly sustained after he was exposed to hydrogen sulfide aboard the drill ship M/V Deepwater Reliance ("Reliance") on April 7, 2016. *See* Rec. Doc. 1 at p. 3. Thereafter, Wiltz filed his Seaman's Complaint for Damages asserting claims under the Jones Act and general maritime law against: (1) M-I LLC ("M-I"), as his Jones Act Employer; (2) Rowan Companies, Inc. ("Rowan"), as owner of the Reliance; (3) Cobalt International Energy, L.P. ("Cobalt"), as the "leaseholder and operator as per BSEE rules and regulations;" and (4) Halliburton Energy Services, Inc. ("Halliburton"), as a non-employer tortfeasor. *Id*. In his Seaman's Complaint for Damages, Wiltz claims that,

1

> Should M-I fail to honor its maintenance and cure obligation, the plaintiff is entitled to attorney's fees, punitive damages, and an additional compensatory award. . . Plaintiff specifically alleges a claim for punitive damages against the defendants herein based upon General Maritime Law. This claim relates not only to any arbitrary and/or unreasonable failure of defendant to pay maintenance and cure benefits but also for any gross negligence of the defendants, or unseaworthiness of the vessel as may be allowed under General Maritime Law.

*Id*. at 5. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, M-I seeks dismissal of Wiltz's punitive damages claims against it as his Jones Act Employer. (Rec. Doc. 15). Specifically, M-I argues that: (1) Wiltz, as a Jones Act seaman, cannot recover punitive damages under either the Jones Act or general maritime law; and (2) Wiltz has failed to adequately state a claim that M-I willfully and wantonly failed to pay him maintenance and cure. *Id*. Thus, M-I contends that the punitive damages claim against it must be dismissed. *Id*.

In response, Wiltz notes at the outset that following *McBride v. Estis Well Services, LLC*, 768 F.3d 382 (5th Cir. 2014), punitive damages are no longer available to a seaman as to Jones Act claims and negligence claims under general maritime law against his employer. (Rec. Doc. 21 at p. 1). Thus, Wiltz's only claim for punitive damages against M-I would be for its failure to pay him maintenance and cure. Wiltz argues that while M-I is currently paying him maintenance and cure, there is no guarantee that such payments will continue or that disputes will not arise concerning maintenance and cure throughout the pendency of the case. *Id*. at p. 2. Thus, Wiltz postures that such claim for punitive damages for the failure to pay maintenance and cure is proper, so M-I's motion should be denied. *Id*. In the alternative, Wiltz requests that, if this Court agrees with M-I's argument that punitive damages are not available under the instant circumstances, then such claim for punitive damages relevant to maintenance and cure be dismissed without prejudice. *Id*.

## II. <u>RULE 12(b)(6) STANDARD</u>

In order to survive a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Twombly*, 550 U.S. at 570). Furthermore, the allegations within a complaint "must make relief plausible, not merely conceivable, when taken as true." *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 186 (5th Cir. 2009).

Under Rule 12(b)(6), the Court "construes the complaint liberally in favor of the plaintiff, and takes all facts pleaded in the complaint as true." *Gregson v. Zurich American Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003) (citing *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1986)). Further, "[a]ll questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor." *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001). However, this tenet is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678. A complaint is unsatisfactory "if it tenders 'naked assertion[s]' devoid of further factual enhancement." *Id.* (citing *Twombly*, 550 U.S. at 557). Legal conclusions must be supported by factual allegations. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (citing *Iqbal*, 556 U.S. at 680).

## III. <u>LAW AND ANALYSIS</u>

As Wiltz has acknowledged in his response to M-I's motion to dismiss, the only issue for this Court to decide is whether Wiltz has properly stated a claim for punitive damages for any alleged failure of M-I to pay maintenance and cure. Maintenance and cure are remedies under

general maritime law, which are "implicit in the contractual relationship between the seaman and his employer and designed to assist in the recovery of a seaman upon injury or illness sustained while in the service of the ship." *Pelotto v. L & N Towing Co.*, 604 F.2d 396, 400 (5th Cir. 1979). Moreover, maintenance and cure are due to a seaman without regard to the negligence of the employer or unseaworthiness of the ship. *Id*. (citing *Aguilar v. Standard Oil Co. of N. J.*, 318 U.S. 724, 729, 63 S. Ct. 93, 87 L. Ed. 1107 (1943)). In *Atlantic Sounding Co. v. Townsend*, 557 U.S. 404, 424 (2009), the Supreme Court held that a Jones Act seaman can recover punitive damages for an employer's willful and wanton failure to honor its maintenance and cure obligation in appropriate cases.

In the instant matter, Wiltz does not allege that M-I has failed to pay maintenance and cure. Rather, Wiltz seeks to reserve his claim for punitive damages should M-I fail to honor its obligation to pay him maintenance and cure at some point in the future. *See* Rec. Doc. 1 at p. 5. In support of his claim, Wiltz argues that "while M-I may currently be paying maintenance and cure, there is certainly no guarantee that maintenance and cure will continue or that there will be no dispute about it during the course of this case." (Rec. Doc. 21 at p. 2). However, the Court does not find it appropriate to allow Wiltz to maintain a claim for punitive damages premised on the possibility that M-I may breach its obligation to pay maintenance and cure at some unknown time in the future. *See Smith v. Basic Marine Services, Inc.*, 964 F.Supp.2d 597, 608 (E.D.La. 2013) ("The record, however, confirms that Basic Marine has honored its maintenance and cure obligation; the plaintiff is not entitled to recover for arbitrary conduct that may or may not occur in the future."); *Campbell v. Offshore Liftboats, LLC*, Civil Action No. 14-2218, 2015 WL 1280543, at *4 (E.D.La. Mar. 20, 2015) ("Certainly, a seaman is entitled to seek punitive damage for his employer's alleged willful and wanton disregard of its maintenance and cure obligation. . . But Campbell is not entitled

4

to recover for arbitrary conduct that he speculates, without more, may or may not occur in the future."). Thus, Wiltz's claim for punitive damages against M-I, should it fail to pay him maintenance and cure in the future, is dismissed. However, just as the Court in *Smith v. Basic Marine Services, Inc.*, noted, M-I must continue to pay maintenance and cure benefits until maximum medical cure is achieved. 964 F.Supp.2d at 608. If M-I fails to fulfill such obligation, then plaintiff may seek relief from the Court. *See id*.

### IV. <u>CONCLUSION</u>

Accordingly,

**IT IS ORDERED** that M-I LLC's Rule 12(b)(6) Motion to Dismiss Punitive Damages Claim (Rec. Doc. 15) is **GRANTED**, and Wiltz's claim for punitive damages against M-I is **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, this 27th day of December 2017.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**