# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GERALD WILTZ** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-4943** |
| **M-I L.L.C., ROWAN COMPANIES, INC. COBALT INTERNATIONAL ENERGY, L.P., AND HALLIBURTON ENERGY SERVICES, INC.** | **SECTION "N" (5)** |

## ORDER AND REASONS

Presently before the Court is Defendant Halliburton Energy Services, Inc.'s Rule 12(b)(6) Motion to Dismiss Punitive Damages Claim (Rec. Doc. 14) and Defendant Cobalt International Energy, L.P.'s Rule 12(b)(6) Motion to Dismiss Punitive Damages Claim (Rec. Doc. 18). Plaintiff Gerald Wiltz ("Wiltz") has filed a single memorandum in opposition (Rec. Doc. 22) to both motions to dismiss, to which Halliburton Energy Services, Inc. ("Halliburton") and Cobalt International Energy, L.P. ("Cobalt") have replied. *See* Rec. Doc. 34; Rec. Doc. 32. Having carefully considered the supporting and opposing submissions, the record, and the applicable law, **IT IS ORDERED** that the motion is **GRANTED** for the reasons stated herein.

### I.    BACKGROUND

The instant matter arises out of Wiltz's personal injuries, which were allegedly sustained after he was exposed to hydrogen sulfide aboard the drill ship M/V Deepwater Reliance ("Reliance") on April 7, 2016. *See* Rec. Doc. 1 at p. 3. Thereafter, Wiltz filed his Seaman's Complaint for Damages asserting claims under the Jones Act and general maritime law against: (1) M-I LLC ("M-I"), as his Jones Act Employer; (2) Rowan Companies, Inc. ("Rowan"), as owner

1

of the Reliance; (3) Cobalt, as the "leaseholder and operator as per BSEE rules and regulations;" and (4) Halliburton, as a non-employer tortfeasor. *Id*. In his Seaman's Complaint, Wiltz alleges that,

> Plaintiff specifically alleges a claim for punitive damages against the defendants herein based upon General Maritime Law. This claim relates not only to any arbitrary and/or unreasonable failure of defendant to pay maintenance and cure benefits but also for any gross negligence of the defendants, or unseaworthiness of the vessel as may be allowed under General Maritime Law.

*Id*. at p. 5. In response, Halliburton and Cobalt have filed motions to dismiss under Rule 12(b)(6). *See* Rec Doc. 14; Rec. Doc. 18. Both Defendants argue that punitive damages are unavailable to seamen against non-employer third parties under the existing precedent of the Supreme Court of the United States and the Fifth Circuit Court of Appeals. *See* Rec. Doc. 14-1 at p. 3; Rec. Doc. 18-1 at p. 2. However, Wiltz argues that the Supreme Court case, *Atlantic Sounding, Inc. v. Townsend*, 557 U.S. 404, 129 S.Ct. 2561, 174 L.Ed.2d 282 (2009), "suggests that if a seaman is now allowed to pursue punitive damages against his employer under his general maritime law maintenance and cure claim, then he certainly should be allowed to invoke and pursue his centuries old claim for punitive damages against a third party under general maritime law." Rec. Doc. 22 at p. 11.

## II. RULE 12(b)(6) STANDARD

In order to survive a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Twombly*, 550 U.S. at 570). Furthermore, the allegations within a complaint "must make relief

2

plausible, not merely conceivable, when taken as true." *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 186 (5th Cir. 2009).

Under Rule 12(b)(6), the Court "construes the complaint liberally in favor of the plaintiff, and takes all facts pleaded in the complaint as true." *Gregson v. Zurich American Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003) (citing *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1986)). Further, "[a]ll questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor." *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001). However, this tenet is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678. A complaint is unsatisfactory "if it tenders 'naked assertion[s]' devoid of further factual enhancement." *Id.* (citing *Twombly*, 550 U.S. at 557). Legal conclusions must be supported by factual allegations. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (citing *Iqbal*, 556 U.S. at 680).

### III. <u>LAW AND ANALYSIS</u>

Halliburton and Cobalt argue that under the existing precedent of the Supreme Court of the United States and the Fifth Circuit Court of Appeals, a seaman is precluded from recovering punitive damages from a non-employer third-party under general maritime law. This Court has recently examined the progression of cases that discuss a seaman's ability to recover non-pecuniary damages under general maritime law in *Melancon v. Gaubert Oil Co., Inc.*, No. CV 17-2905, 2017 WL 3438346, at *2 (E.D. La. Aug. 10, 2017). In *Melancon*, this Court concluded that the injured seaman, as well as his wife and children who claimed loss of consortium, love and affection, and services, were precluded from recovering non-pecuniary damages from a non-employer defendant under general maritime law.

3

This Court's analysis of precedent discussing a seaman's ability to recover non-pecuniary damages in *Melancon* is also applicable in the instant case. While Wiltz argues that *Atlantic Sounding, Inc. v. Townsend*, 557 U.S. 404, 129 S.Ct. 2561, 174 L.Ed.2d 282 (2009) suggests that if a seaman is allowed to pursue punitive damages against his employer under a claim for maintenance and cure, then he should be allowed to pursue his centuries old claim for punitive damages against a third party under general maritime law, the Court disagrees.

As the Court concluded in *Wade v. Clemco Industries Corp.*, 2017 WL 434425, *5 (E.D.La. Feb. 1, 2017) (J. Fallon), "the Fifth Circuit has now made it clear that under both the Jones Act and general maritime law, a seaman's damages against both employers and non-employers are limited to pecuniary losses." *See also Rinehart v. Nat'l Oilwell Varco, L.P.*, 2017 WL 1407699, at *4 (E.D.La. Apr. 20, 2017) (J. Fallon) (same); *Bell v. Foster Wheeler Energy Corp.*, 2017 WL 889074, at *4 (E.D.La. Mar. 6, 2017) (J. Africk) (holding that a seaman's representative cannot recover non-pecuniary damages in a wrongful death action under general maritime law); *Rockett v. Belle Chasse Marine Transp., LLC*, 2017 WL 2226319, at *4 (E.D.La. May 22, 2017) (J. Lemmon) (refusing to limit *Scarborough*, *McBride*, and *Wade* to wrongful death cases); *Schutt v. Alliance Marine Services LP*, 2017 WL 2313199, *2 (E.D.La. May 26, 20170 (J. Lemelle) (same). Thus, this Court finds that Wiltz is precluded from recovering punitive damages from Halliburton or Cobalt under the exiting precedent.

### IV. <u>CONCLUSION</u>

Accordingly,

**IT IS ORDERED** that Defendant Halliburton Energy Services, Inc.'s Rule 12(b)(6) Motion to Dismiss Punitive Damages Claim (Rec. Doc. 14) and Defendant Cobalt International

Energy, L.P.'s Rule 12(b)(6) Motion to Dismiss Punitive Damages Claim (Rec. Doc. 18) are **GRANTED**, and Wiltz's claims against Halliburton and Cobalt for punitive damages are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 29th day of January 2018.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**