UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GERALD WILTZ** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-4943** |
| **M-I, LLC, et al.** | **SECTION: "G"(5)** |

## ORDER AND REASONS

Pending before this Court is Defendant Rowan Companies, Inc.'s ("Rowan"), "Rule 12 Motion to Dismiss Any and All Punitive Damages Claims."[1] Having considered the motion, the memoranda in support and opposition, the record, and the applicable law, the Court will grant the motion.

### I. Background

The litigation arises out personal injuries Plaintiff Gerald Wiltz ("Plaintiff") allegedly sustained after he was exposed to hydrogen sulfide aboard the drill ship M/V Deepwater Reliance ("the vessel") on April 7, 2016.[2] On May 15, 2017, Plaintiff filed a "Seaman's Complaint for Damages" in this Court asserting claims under the Jones Act and general maritime law against: (1) M-I LLC ("M-I"), as his Jones Act Employer; (2) Rowan, as owner of the vessel; (3) Cobalt International Energy, L.P. ("Cobalt"), as the "leaseholder and operator as per BSEE rules and

---

[1] Rec. Doc. 60.

[2] Rec. Doc. 1 at 3.

1

regulations;" and (4) Halliburton Energy Services, Inc. ("Halliburton"), as a non-employer tortfeasor.[3] In the complaint, Plaintiff "specifically alleges a claim for punitive damages against the defendants [] based upon General Maritime Law" for the arbitrary and/or unreasonable failure to pay maintenance and cure benefits, gross negligence, or unseaworthiness of the vessel.[4] The case was initially assigned to the Honorable Kurt D. Engelhardt.[5]

On December 27, 2017, the Court granted a motion to dismiss filed by M-I LLC, dismissing Plaintiff's request for punitive damages against M-I LLC without prejudice.[6] The Court found that Plaintiff could only recover punitive damages against M-I LLC, his employer, if M-I LLC filed to pay maintenance and cure, and reserved the right of Plaintiff to seek relief from the Court if M-I LLC fails to pay maintenance and cure.[7] On January 29, 2018, the Court granted motions to dismiss filed by Cobalt and Halliburton, and dismissed Plaintiff's request for punitive damages against Cobalt and Halliburton with prejudice.[8] The Court found that punitive damages are not available to a seaman against a non-employer.[9]

On May 18, 2018, Rowan filed the instant motion to dismiss.[10] On May 21, 2018, the case was reassigned to this Court upon the elevation of Judge Engelhardt to the United States Court of

---

[3] *Id.*

[4] *Id.* at 5.

[5] Rec. Doc. 2.

[6] Rec. Doc. 38.

[7] *Id.* at 4.

[8] Rec. Doc. 39.

[9] *Id.* at 4.

[10] Rec. Doc. 60.

2

Appeals for the Fifth Circuit.[11] On May 29, 2018, Plaintiff filed an opposition to the motion to dismiss.[12] On June 7, 2018, with leave of Court, Rowan filed a reply brief in further support of the motion to dismiss.[13]

## II. Parties Arguments

### A. *Rowan's Arguments in Support of the Motion to Dismiss*

Rowan moves the Court to dismiss Plaintiff's request for punitive damages pursuant to Federal Rule of Civil Procedure 12(c).[14] Rowan asserts that the Fifth Circuit has specifically ruled that punitive damages are unavailable under the Jones Act or general maritime law.[15] Rowan notes that in *Atlantic Sounding, Inc. v. Townsend*, the Supreme Court held that a seaman may seek punitive damages against his employer for the willful failure to pay maintenance and cure,[16] but other district courts have found that *Townsend* does not extend to non-employers.[17] Rowan asserts that it "is in no different position than was Cobalt and Halliburton in moving for and obtaining the

---

[11] Rec. Doc. 61.

[12] Rec. Doc. 63.

[13] Rec. Doc. 67.

[14] Rec. Doc. 60-1 at 3.

[15] *Id.* at 4 (citing *McBride v. Estis Well Service, LLC*, 768 F.3d 382 (5th Cir. 2014); *Scarborough v. Clemco Industries*, 391 F.3d 660 (5th Cir. 2004)).

[16] *Id.* at 5 (citing 129 S.Ct. 2561 (2009)).

[17] *Id.* at 5–6 (citing *Melancon v. Gaubert Oil Co., Inc.*, 17-2905, 2017 WL 3438346, at *2 (E.D. La. Aug. 10, 2017) (Engelhardt, J.); *Wade v. Clemco Industries Corp.*, No. 16-502, 2017 WL 434425, *5 (E.D. La. Feb. 1, 2017) (Fallon, J.); *Rinehart v. Nat'l Oilwell Varco, L.P.*, No. 15-6266, 2017 WL 1407699, at *4 (E.D. La. Apr. 20, 2017) (Fallon, J.); *Bell v. Foster Wheeler Energy Corp.*, No. 15-6394, 2017 WL 889074, at *4 (E.D. La. Mar. 6, 2017) (Africk, J.); *Rockett v. Belle Chasse Marine Transp.*, LLC, No. 17-229, 2017 WL 2226319, at *4 (E.D. La. May 22, 2017) (Lemmon, J.); *Schutt v. Alliance Marine Services LP*, No. 16-15733, 2017 WL 2313199, *2 (E.D. La. May 26, 2017) (Lemelle, J.)).

3

dismissal of any and all punitive damage clams."[18] Accordingly, Rowan asserts that any request against Rowan for punitive damages should similarly be dismissed with prejudice.[19]

## B. *Plaintiff's Arguments in Opposition to the Motion*

In opposition, Plaintiff argues that the law is not settled on the issue of whether punitive damages are available to a seaman against non-employer defendants under general maritime law.[20] Plaintiff notes that other courts in this district have found that *Townsend* overruled earlier Fifth Circuit precedent holding that a seaman may not recover punitive damages against a non-employer.[21] Plaintiff contends that there is no statute governing claims against non-employer tortfeasors under general maritime law, and therefore, there should be no limitation on the damages which would normally be available under general maritime law.[22] Furthermore, Plaintiff notes that other district courts have allowed punitive damages in similar cases.[23]

Finally, Plaintiff asserts that the cases cited by Rowan are not controlling in this case.[24] Plaintiff contends that the Fifth Circuit's holding in *McBride v. Estis Well Service* does not address

---

[18] *Id*. at 6.

[19] *Id*.

[20] Rec. Doc. 63 at 1.

[21] *Id*. at 3 (citing *Collins v. A.B.C. Marine Towing, LLC*, No. 14-1900, 2015 WL 5254710 (E.D. La. Sept. 9, 2015) (Fallon, J.); *Hume v. Consolidated Grain & Barge, Inc.*, No. 15-935, 2016 WL 1089349 (E.D. La. Mar. 21, 2016) (Zainey, J.)).

[22] *Id*. at 6.

[23] *Id*. at 7 (citing *Mussa v. Cleveland Tankers*, 802 F.Supp. 84 (E.D. Mich. 1992); *Wagner v. Kona Blue Water Farms*, No. 09-600, 2010 WL 3566731 (D. Hi. Sept. 13, 2010) (Seabright, J.)).

[24] *Id*. at 8.

4

claims against a non-employer.²⁵ Furthermore, Plaintiff argues that the Fifth Circuit's holding in *Scarborough v. Clemco Industries*, which limited the availability of punitive damages against non-employer defendants under general maritime law, only applies to wrongful death cases.²⁶ Plaintiff asserts that this issue should be interpreted in light of the Supreme Court's decision in *Townsend*, which he contends "suggests that if a seaman is now allowed to pursue punitive damages against his employer under his general maritime law maintenance and cure claim, then he certainly should be allowed to invoke and pursue his centuries old claim for punitive damages against a third party under general maritime law."²⁷ For these reasons, Plaintiff contends that the motion to dismiss should be denied.²⁸

C.  *Rowan's Arguments in Further Support of the Motion to Dismiss*

In reply, Rowan notes that Plaintiff's opposition to Rowan's motion asserts the same position and cites the same jurisprudence that Judge Engelhardt previously rejected when he granted the motions to dismiss filed in this case by Cobalt and Halliburton.²⁹ Because Plaintiff's demand for punitive damages against Cobalt and Halliburton have already been dismissed with prejudice, Rowan asserts it would be incongruous to permit Plaintiff's request for punitive damages to survive against Rowan, as Rowan, Cobalt, and Halliburton are all non-employer third

---

²⁵ *Id*. (citing 768 F.3d at 382).

²⁶ *Id.* (citing 391 F.3d at 660).

²⁷ *Id.* at 10 (citing 557 U.S. at 419).

²⁸ *Id*.

²⁹ Rec. Doc. 67 at 1–2.

party defendants.[30] Therefore, even assuming all of the allegations contained in the Complaint are true, Rowan argues that the existing law does not afford Plaintiff a remedy for punitive damages against Rowan.[31]

### III. Legal Standard

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."[32] "A motion brought pursuant to [Rule] 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts."[33] "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief."[34] On a 12(c) motion, "[p]leadings should be construed liberally," and judgment is "appropriate only if there are no disputed issues of fact and only questions of law remain."[35] Moreover, the Court "may dismiss a claim when it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."[36] In

---

[30] *Id*. at 3.

[31] *Id*. at 4.

[32] Fed. R. Civ. P. 12(c).

[33] *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir.2002) (internal citations omitted).

[34] *Id*. (internal citations omitted).

[35] *Id*. (internal citations omitted).

[36] *Id*.

6

lieu of dismissal on a motion for judgement on the pleadings, a district court may grant a plaintiff leave to amend the complaint.[37]

### IV. Analysis

Rowan seeks dismissal of Plaintiff's request for punitive damages because it contends that existing law does not afford Plaintiff a remedy for punitive damages against Rowan, a non-employer defendant.[38] In opposition, Plaintiff argues that the request for punitive damages should not be dismissed because the law is not settled on the issue of whether punitive damages are available to a seaman against non-employer defendants under general maritime law.[39]

In *Miles v. Apex Marine Corp.*, the Supreme Court held that the survivors of a Jones Act seaman may not recover non-pecuniary damages from the seaman's employer under general maritime law.[40] The Court noted that the Jones Act and the Death on the High Seas Act ("DOHSA") do not allow recovery for loss of society or lost future earnings.[41] The Court found that in enacting the Jones Act and DOHSA, Congress had established a "uniform plan of maritime tort law,"[42] and it "restore[d] a uniform rule applicable to all actions for the wrongful death of a seaman, whether under DOHSA, the Jones Act, or general maritime law."[43] Therefore, the Court

---

[37] *Dueling v. Devon Energy Corp.*, 623 F. App'x 127 (5th Cir. 2015).

[38] Rec. Doc. 60.

[39] Rec. Doc. 63 at 1.

[40] 498 U.S. 19, 31–33 (1990).

[41] *Id.* at 31–32.

[42] *Id.* at 37.

[43] *Id.* at 33.

explained that "it would be inconsistent with this Court's place in the constitutional scheme to sanction more expansive remedies for the judicially created unseaworthiness cause of action, in which liability is without fault, than Congress has allowed in cases of death resulting from negligence."[44]

In *Guevara v. Maritime Overseas Corporation*, the Fifth Circuit applied the "damages uniformity principle" articulated by the Supreme Court in *Miles* to preclude an injured Jones Act seaman from recovering punitive damages for his employer's willful disregard of its obligation to pay maintenance and cure under general maritime law.[45] In *Scarborough v. Clemco Industries*, the Fifth Circuit again invoked the uniformity principle and held that neither a Jones Act seaman nor his survivors can recover non-pecuniary damages from a non-employer under general maritime law.[46]

However, in *Atlantic Sounding Co. v. Townsend*, the Supreme Court overruled *Guevara* and held that a Jones Act seaman can recover punitive damages for an employer's willful and wanton failure to honor its maintenance and cure obligation.[47] Notably, the Court recognized that "[t]he reasoning of *Miles* remains sound," but ultimately determined that *Townsend* was distinguishable.[48] Unlike the wrongful death claim and damages addressed in *Miles*, the Court noted that general maritime law had recognized a claim for maintenance and cure and the remedy

---

[44] *Id.* at 20.

[45] 59 F.3d 1496, 1513 (5th Cir. 1995).

[46] 391 F.3d 660, 668 (5th Cir. 2004).

[47] 557 U.S. 404, 424 (2009).

[48] *Id.* at 420.

8

of punitive damages prior to the passage of the Jones Act, and the Jones Act addresses neither claim nor remedy.[49] Therefore, the Court concluded that it is "possible to adhere to the traditional understanding of maritime actions and remedies without abridging or violating the Jones Act; unlike wrongful-death actions, this traditional understanding is not a matter to which 'Congress has spoken directly.'"[50]

Following *Townsend*, it was unclear whether punitive damages were recoverable under general maritime law for other types of claims or were limited to maintenance and cure claims.[51] In *McBride v. Estis Well Serv., LLC*, the Fifth Circuit initially held that punitive damages were available when a seaman's personal injury or wrongful death claim was brought under general maritime law, effectively extending the Supreme Court's holding in *Townsend* to non-maintenance and cure claims.[52] However, on rehearing en banc, the Fifth Circuit reversed the panel, holding that neither an injured seaman nor his survivors can recover punitive damages from an employer for negligence under the Jones Act or unseaworthiness under general maritime law.[53] The Fifth Circuit noted that when Congress enacted the Jones Act, it incorporated the Federal Employers' Liability Act's prohibition on non-pecuniary damages.[54] Further, the Fifth Circuit reasoned that it

---

[49] *Id.*

[50] *Id.* at 420–21.

[51] *See* Stevan C. Dittman, *Amiable or Merry? An Update on Maritime Punitive Damages*, 89 Tul. L. Rev. 1059, 1089-1101 (2015) ("Since *Townsend*, the courts have divided with respect to the impact of *Townsend* in situations not directly covered by the factual situation in *Miles*.")

[52] 731 F.3d 505 (5th Cir. 2013), rev'd en banc, 768 F.3d 382 (5th Cir. 2014).

[53] *McBride v. Estis Well Serv., LLC*, 768 F.3d 382, 391 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 2310 (2015).

[54] *Id.* at 385–86.

could not "supplement the statute and allow more expansive damages" for an action brought under general maritime law than Congress had allowed under the Jones Act.[55]

Following *McBride*, numerous district judges in the Eastern District of Louisiana have found that a plaintiff cannot recover punitive damages against a non-employer defendant under general maritime law in both personal injury and wrongful death cases.[56] Plaintiff cites two decisions by other district judges in the Eastern District of Louisiana, who allowed a punitive damages claim to proceed against a non-employer defendant, because they found that *Townsend* overruled earlier Fifth Circuit precedent holding that a seaman may not recover punitive damages against a non-employer.[57] Notably, *Collins v. A.B.C. Marine Towing*,[58] one of the cases cited by Plaintiff, was decided by the Honorable Eldon Fallon, who later reversed course stating, "It is now clear in the Fifth Circuit that under both the Jones Act and general maritime law, a seaman's claim

---

[55] *Id.* at 387 (quoting *Miles*, 498 U.S. at 31).

[56] *See Wade v. Clemco Industries Corp.*, No. 16-502, 2017 WL 434425, at *5 (E.D. La. Feb. 1, 2017) (Fallon, J.) ("[T]he Fifth Circuit has now made it clear that under the Jones Act and general maritime law, a seaman's damages against both employers and non-employers are limited to pecuniary losses."); *Rinehart v. Nat'l Oilwell Varco, L.P.*, No. 15-6266, 2017 WL 1407699, at *4 (E.D. La. Apr. 20, 2017) (Fallon, J.) ("It is now clear in the Fifth Circuit that under both the Jones Act and general maritime law, a seaman's claim against both employers and non-employers does not include punitive damages."); *Bell v. Foster Wheeler Energy Corp.*, No. 15-6394, 2017 WL 889074, at *4 (E.D. La. Mar. 6, 2017) (Africk, J.) (holding that a seaman's representative cannot recover non-pecuniary damages in a wrongful death action under general maritime law); *Rockett v. Belle Chasse Marine Transp.*, LLC, No. 17-229, 2017 WL 2226319, at *4 (E.D. La. May 22, 2017) (Lemmon, J.) (refusing to limit *Scarborough*, *McBride*, and *Wade* to wrongful death cases); *Schutt v. Alliance Marine Services LP*, No. 16-15733, 2017 WL 2313199, *2 (E.D. La. May 26, 2017) (Lemelle, J.) (same); *Melancon v. Gaubert Oil Co., Inc.*, 17-2905, 2017 WL 3438346, at *3 (E.D. La. Aug. 10, 2017) (Engelhardt, J.) (holding that *Miles* and its progeny, particularly the Fifth Circuit's decisions in *Scarborough* and *McBride*, precluded the plaintiff from recovering non-pecuniary damages against a non-employer defendant under general maritime law).

[57] *Collins v. A.B.C. Marine Towing, LLC*, No. 14-1900, 2015 WL 5254710 (E.D. La. Sept. 9, 2015) (Fallon, J.); *Hume v. Consolidated Grain & Barge, Inc.*, No. 15-935, 2016 WL 1089349 (E.D. La. Mar. 21, 2016) (Zainey, J.).

[58] 2015 WL 5254710.

10

against both employers and non-employers does not include punitive damages."[59] Furthermore, the other case cited by Plaintiff simply adopted the reasoning set forth by Judge Fallon in *Collins*. Therefore, although decisions of other district judges are not binding on this Court, it appears that all of the judges in this district to consider this issue are now united in holding that a seaman cannot recover punitive damages from a non-employer defendant under general maritime law.

In *Scarborough*, the Fifth Circuit decided the exact issue presented in the instant motion. There, the Fifth Circuit invoked the uniformity principle set forth by the Supreme Court in *Miles* and held that neither a Jones Act seaman nor his survivors can recover non-pecuniary damages from a non-employer under general maritime law.[60] Plaintiff contends that the holding of *Scarborough* has been called into question by the Supreme Court in *Townsend*. However, following *Townsend*, the Fifth Circuit reaffirmed the uniformity principle set forth by the Supreme Court in *Miles*, and held that neither an injured seaman nor his survivors can recover punitive damages from an employer under general maritime law.[61] Considering this binding precedent, the Court finds that Plaintiff is precluded from recovering non-pecuniary damages against Rowan under general maritime law.

---

[59] *Rinehart*, 2017 WL 1407699, at *4.

[60] 391 F.3d at 668.

[61] *McBride*, 768 F.3d at 391.

## V. Conclusion

Based on the foregoing, the Court finds that there are no issues of fact in dispute, and Rowan is entitled to judgment as a matter of law, dismissing Plaintiff's request for punitive damages. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Rowan Companies, Inc.'s "Rule 12 Motion to Dismiss Any and All Punitive Damages Claims"[62] is **GRANTED** and any request for punitive damages against Rowan Companies, Inc. is **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA**, this __3rd__ day of December, 2018.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[62] Rec. Doc. 60.